UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

**ANTONIO T. WADE,**   CASE NO.:  21-393

    **PLAINTIFF,**

**V.**

**ALLYRIDES LLC,**

    **DEFENDANT.**

_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

**COMES NOW** the Plaintiff, ANTONIO T. WADE, (hereinafter referred to as "the Plaintiff"), by and through his undersigned counsel and sues the Defendant, ALLYRIDES LLC (hereinafter collectively referred to as "Defendant"), and states as follows:

### INTRODUCTION

1. This action is brought by the Plaintiff individually pursuant to the Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 201, et seq (hereinafter, "the Act").

### JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b). It also has jurisdiction to grant declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

3. The venue is proper in the Middle District of Florida because the Defendants employed the Plaintiff in Lee County, Florida, where the Defendants maintains its headquarters in the Middle District of Florida.

4. The Defendant, ALLYRIDES LLC, is a Florida Limited Liability Company and conducts business in Charlotte County, Florida, where the Plaintiff worked for the

Defendant, and at all times material hereto was and is engaged in interstate commerce. The Defendant is a business providing medical or nursing care for residents, schools and preschools, and government agencies.

5. The Plaintiff performed work constituting engagement in interstate or foreign commerce, or the production of goods for interstate commerce and/or a closely related process or occupation directly essential to such production.

6. At all times pertinent to this Complaint, the Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

7. The annual gross revenue of the Defendant was at all times material hereto in excess of $500,000 per annum, therefore the Act's requirements and the Overtime requirements apply.

8. The Plaintiff has retained the Malatesta Law Office to represent him in this matter and has agreed to pay the firm a reasonable attorney's fee for its services.

## GENERAL ALLEGATIONS

9. The Plaintiff was hired in October 2020 through December 2020 for eleven dollars per hour.

10. Plaintiff was paid straight pay and not paid overtime.

11. At various times material hereto, Plaintiff worked hours in excess of forty (40) hours within a work week for Defendant, and he was entitled to be compensated for these overtime hours at a rate equal to one and one-half times regular hourly rate.

12. On or about December 9, 2020, the Plaintiff saw Joseph Guido switch out AllyRide LLC's empty oxygen tanks for full oxygen tanks from a local hospital. When Mr. Guido noticed the Plaintiff and a trainee, he instructed the Plaintiff and the trainee to switch out any extra tanks at the local hospital. To perform the switch, the Plaintiff and trainee witnessed Mr. Guido go beyond a door labeled "DO NOT ENTER."

13. The Plaintiff felt uncomfortable and asked whether they could relay they were associated with the Defendant should any hospital employees question the switching of oxygen tanks. Mr. Guido emphatically said the Plaintiff should not mention the Defendant.

14. Because it was clear the Defendant was stealing products and resources from the local hospital, the Plaintiff resigned via text message.

15. In retaliation, the Defendant refused to pay the Plaintiff's final paychecks and made $712 in deductions.

16. Plaintiff provided notice of this wage violation in accordance with the requirements of Fla. Stat. § 448.110 on December 2, 2020. A true and accurate copy is attached as "Exhibit A".

## COUNT I: VIOLATION OF THE FLORIDA MINIMUM WAGE ACT

17. Plaintiff realleges Paragraphs 1 through 15 of this Complaint as if fully set forth herein.

18. Pursuant to Article X, Section 24 of the Florida Constitution, Defendant was required to pay Plaintiff at least the applicable Florida minimum wage for his hours worked.

19. Plaintiff worked hours for the Defendants for which he was paid below the FMWA statutory minimum wage.

20. Plaintiff estimates he was not paid for 65 hours in his last paycheck.

21. Moreover, the Defendants paid the Plaintiff nothing as wages for time worked during said week.

22. As a direct and proximate result of Defendants' violation of the FMWA, Plaintiff is entitled to liquidated damages pursuant to the FMWA.

23. The Defendants willfully violated the FMWA.

24. Plaintiff is entitled to liquidated damages.

WHEREFORE, the Plaintiff, ANTONIO T. WADE, demands judgment in his favor and against the Defendants, against ALLYRIDES LLC, for statutory remedies, damages, and relief as follows:

a) Declaring that the Defendants, violated the minimum wage provisions of Florida Minimum Wage Act

b) Awarding Plaintiff minimum wages compensation in an amount of $556.36;

c) Awarding Plaintiff liquidated damages in an amount of $556.36;

d) Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to §448.08, *Florida Statutes*;

e) Awarding Plaintiff post-judgment interest; and

f) Ordering any other and further relief this Court deems to be just and proper.

## COUNT II: UNPAID WAGES

25. Plaintiff realleges Paragraphs 1 through 15 of this Complaint as if fully set forth herein.

26. The Defendant agreed to pay the Plaintiff $11.00 per hour.

27. The Plaintiff resigned his employment because the Defendant was engaging in theft and fraud. In retaliation, the Defendant wrongfully withheld $712 in unpaid wages.

28. Defendants continue to intentionally withhold the Plaintiff's compensation despite the demand.

29. Plaintiff is entitled to recover from Defendant his attorneys' fees and costs incurred in making a claim for unpaid wages, under Florida Statutes, Section 448.08, should he prevail.

   **WHEREFORE**, the Plaintiff, ANTONIO T. WADE, demands judgment in his favor and against the Defendant, against ALLYRIDES LLC damages, and relief as follows:

   a. Award the Plaintiff $712 in unpaid wages and salary,

   b. Pre-judgment interest;

   c. Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to §448.08, *Florida Statutes*; and

   d. Such other and further relief as the Court deems just and proper.

## COUNT III: VIOLATION OF 29 U.S.C. § 207 (OVERTIME)

30. Plaintiff realleges Paragraphs 1 through 15 of this Complaint as if fully set forth herein.

31. During Plaintiff's employment, he worked hours in excess of forty (40) per week for which he was not compensated at the statutory rate of time and one-half for all of her hours.

32. The Plaintiff worked 55.99 hours of overtime for which he was not compensated at time and a half.

33. The Plaintiff is entitled to $307.94 in overtime.

34. The Defendants willfully violated the FLSA.

35. Plaintiff is entitled to liquidated damages.

   **WHEREFORE,** the Plaintiff respectfully requests that judgment be entered in his favor against the Defendants:

   a. Declaring that the Defendants, violated the overtime provisions of 29 U.S.C. § 207;

   b. Awarding Plaintiff $307.94 in overtime wages;

c. Awarding Plaintiff $307.94 in liquidated damages;

d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

e. Awarding Plaintiff post-judgment interest; and

f. Ordering any other and further relief this Court deems to be just and proper.

## JURY DEMAND

36. The Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: May 18, 2021.

Respectfully submitted,

By:   /s/ Frank M. Malatesta, Esq.
**FRANK M. MALATESTA, ESQUIRE**
Florida Bar No.: 0097080
MALATESTA LAW OFFICE
871 Venetia Bay Boulevard, Suite 235
Venice, Florida 34285
Telephone No.: (941) 256 - 3812
Facsimile No.: (888) 501-3865
Frank@malatestalawoffice.com
Staff@malatestalawoffice.com
*Counsel for Plaintiff*