UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANTONIO T WADE,

    Plaintiff,

v.                                                      Case No. 2:21-cv-393-SPC-NPM

ALLYRIDES LLC,

    Defendant.

## REPORT AND RECOMMENDATION

Before the court is Plaintiff Antonio Wade's motion for default judgment (Doc. 10). In his complaint against Allyrides, LLC (Doc. 1), Wade seeks a sum certain of $1,884.24 as follows: $556.36 for unpaid minimum wages (Count I); $155.64 for the unpaid difference between the minimum wage and the agreed upon rate of $11.00 per hour (Count II); $307.94 for the unpaid difference between the straight time he received and the overtime rate; and $864.30 in liquidated damages under the FLSA corresponding to the unpaid minimum wages and unpaid overtime (Count III). Having been defaulted for failure to appear (Doc. 8), Allyrides is subject to the entry of a default judgment by the clerk for the sum certain stated in the complaint, and supported by affidavit (Doc. 10-2), as well as an award of costs. *See* Fed. R. Civ. P. 54(c); 55(b)(1).[1]

---

[1] Wade's motion makes minor mathematical corrections, but the default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

While Wade did not file a Bill of Costs (*see* AO Form 133), his counsel has supplied an affidavit (Doc. 10-1) attesting to $461 in costs for the filing fee and service of process. These costs are recoverable. *See* 28 U.S.C. § 1920(1), 28 C.F.R. § 0.114(a)(3); *EEOC v. W & O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000). And just like the sum certain damages award, the clerk is vested with the ministerial authority to tax these costs. *See* Fed. R. Civ. P. 54(d)(1).

But the clerk is not vested with discretionary authority to award attorney's fees. Instead, the applicable rules contemplate that following the entry of judgment, the court will take up this issue. *See* Fed. R. Civ. P. 54(d)(2)(B)(i); *see also* Local Rule 7.01 (providing a bifurcated procedure for adjudicating fee requests). While Wade's motion for default judgment is arguably improper since it proceeds, without leave, to consolidate ministerial functions of the clerk with discretionary acts of the court and to collapse the bifurcated fee-award procedure into a single stage, in the interests of judicial economy, the court may address these issues together.

An award of fees is predicated on a lodestar analysis. *See Mraz v. I.C. Systems, Inc.*, No. 2:18-cv-254-FtM-38NPM, 2021 WL 4086147, *4 (M.D. Fla. Aug. 21, 2021), *adopted by*, No. 2:18-cv-254-FtM-38NPM, 2020 WL 7125629 (M.D. Fla. Dec. 20, 2020). While Wade has failed to supply adequate information from which the court may derive a fair market rate, *see id.* at *5-*9, the court "is itself an expert on the question and may consider its own knowledge and experience concerning

reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Id*. at *5 (quoting *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988)). Wade's request for $2,730 in fees is based on a $300 hourly rate, which is a reasonable estimation of what a lawyer in this division would collect from a fee-paying client for providing representation comparable to the skill, expertise, and reputation brought to the table in this case. And the fee request is based on the expenditure of 9.1 hours of attorney time, which is also reasonable.

Accordingly, the motion for default judgment should be **GRANTED in part**, and the clerk should be directed to enter judgment in Wade's favor for $5,075.24.

Respectfully recommended on March 11, 2022.

_____
NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections "waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." *See* 11th Cir. R. 3-1. **To expedite resolution, parties may file a joint notice waiving the 14-day objection period.**